UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RAQUEL ALVARADO,
an individual,

    Plaintiff,

vs.

ARCHDIOCESE OF MIAMI, INC.,
a Florida Not For Profit Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Raquel Alvarado, individually and by and through undersigned counsel, brings this action and complaint for damages and demand for jury trial against Defendant Archdiocese of Miami, Inc. ("Archdiocese"), a Florida Not For Profit Corporation, and in support thereof, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2611, et. seq.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff has raised federal claims herein under the FMLA.

3. This court has personal jurisdiction over the Defendant because the Archdiocese conducts substantial and not isolated business within this District, maintains offices with employees in this District, employs hundreds of employees within this District and engages in commerce within this District.

4. Venue is proper in this District under the FMLA and 28 U.S.C. § 1391. Defendant conducts substantial, systematic, and continuous business activity in this District, the acts giving rise to this action occurred in this District, Defendant has employees, agents and offices in this district and Plaintiff resides in this district.

5. At all relevant times, the Archdiocese has continuously been an employer as defined by the FMLA, 29 U.S.C. § 2611 (4) and has the requisite number of employees subject to the provisions of the FMLA in the facility where Plaintiff was employed.

6. Plaintiff is an individual who formerly worked for Archdiocese within this District and is and was at all material times *sui juris*.

7. Defendant Archdiocese is a Florida Not For Profit Corporation incorporated in the Florida with its principal place of business in Miami-Dade County and at all times during Ms. Alvarado's employment, has had hundreds of employees in Miami-Dade County, Florida. At all times material hereto, the Archdiocese carried out substantial and not isolated business activities and had offices and employees in the Southern District of Florida.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF FACTS**

9. Ms. Alvarado was hired by the Archdiocese on August 1, 2013 as a second grade assistant at St. John Neumann Catholic School, which is operated by the Archdiocese in Miami-Dade County, Florida. In August 2015, she was promoted to reading assistant for kindergarten through 4th grade students at St. John Neumann Catholic School. Ms. Alvarado worked continuously at St. John Neumann until the date of her termination.

10. Ms. Alvarado told Maria Elena Vilas, her supervisor at the Archdiocese, that she was pregnant in May of 2015 and applied for FMLA leave in October 2015. The Archdiocese granted her request for FMLA leave. Ms. Alvarado's first day of FMLA leave was December 21, 2015. She returned to work on March 14, 2016.

11. When she returned to work, Ms. Vilas told that her position had been filled by Ms. Cristina Gonzalez and that Ms. Alvarado would not be restored to the position she held prior to taking FMLA leave or a substantially equivalent position. Instead, Ms. Vilas demoted Ms. Alvarado and made her Ms. Gonzalez's assistant, rather than restoring to her prior position as reading coordinator or a substantially equivalent position.

12. When Ms. Alvarado objected, Ms. Vilas told her that she, Ms. Vilas, had complete discretion to change Ms. Alvarado's job as she, Ms. Vilas, deemed appropriate.

13. On April 22, 2016, Ms. Vilas told Ms. Alvarado that she was being fired and replaced on a full time basis by Ms. Gonzalez. Ms. Vilas specifically stated that she, Ms. Gonzalez, had full authority to fire Ms. Alvarado and replace her with Ms. Gonzalez, even though Ms. Gonzalez only filled the reading coordinated position because Ms. Alvarado was on FMLA leave.

14. As evidenced herein, Ms. Alvarado returned to work before the expiration of the twelve (12) week FMLA leave period and was ready and fully capable of returning to her job as reading coordinate. The Archdiocese, however, unlawfully demoted Ms. Alvarado and ultimately fired her, in direct violation of the FMLA.

## COUNT I – VIOLATION OF THE FMLA AGAINST THE ARCHDIOCESE

15. Plaintiff realleges and incorporates herein all of the allegations set forth in paragraphs 1-14 above as if set forth herein.

16. Among the substantive rights granted by the FMLA to eligible employees is the right to "12 workweeks of leave during any 12-month period . . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee," 29 U.S.C. § 2612(a)(1), and the right following leave "to be restored by the employer to the position of employment held by the employee when the leave commenced" or an equivalent position, 29 U.S.C. § 2614(a)(1).

17. Section 105 of the FMLA, 29 U.S.C. § 2615, prohibits retaliation for exercising FMLA rights or opposing allegedly unlawful practices regarding Family and Medical Leave.

18. Here, Ms. Alvarado was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2), because she was employed for at least twelve months by the Defendant prior to taking leave and worked at least 1250 hours during the twelve month period prior to exercising her rights under the FMLA. In addition, Ms. Alvarado was employed at a location where Defendant employs more than fifty employees within seventy-five miles of the worksite.

19. The Archdiocese is engaged in an industry affecting commerce and is a covered employer as defined by the FMLA, 29 U.S.C. § 2611 (4), and has employees subject to the provisions of the FMLA in the facility where Plaintiff was employed.

20. Defendant has admitted that Ms. Alvarado was eligible for FMLA leave by reviewing and approving her FMLA leave request, which was necessitated because of the birth of her child.

21. Ms. Alvarado availed herself to a protected right under the FMLA by applying for and then taking FMLA-approved medical leave.

22. As a result of applying for and taking FMLA-approved medical leave, Ms. Alvarado suffered an adverse employment action because she was demoted upon her return to work and then wrongfully and illegally terminated, even though she returned to work before the expiration of her FMLA-approved leave and was fully capable and ready to return to her job as reading coordinator.

23. Thus, there is a causal connection between the protected activity and the adverse employment action.

24. By discriminating against and wrongfully demoting and then terminating Ms. Alvarado's employment after she returned from her FMLA-approved medical leave, Defendant denied or otherwise interfered with Ms. Alvarado's substantive rights under the FMLA, 29 U.S.C. § 2615(a)(1), and unlawfully retaliated against Ms. Alvarado for engaging in activity protected by the FMLA, 29 U.S.C. § 2615(a)(1) & (2).

25. As a result of Defendant's actions, Ms. Alvarado has suffered irreparable injuries, including but not limited to loss of pay, benefits, liquidated damages, and other economic losses to which she is entitled to compensation and as more fully detailed in her request for relief, below.

## **REQUEST FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff requests that the Court grant the following relief:

  A. Find the Archdiocese's actions toward Ms. Alvarado to be in violation of her rights under the FMLA;

  B. Direct the Archdiocese to reinstate Plaintiff with full seniority to the same or an equivalent position, with back pay, plus interest, liquidated damages, pension rights and all applicable benefits;

  C. Compensate Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received but for the Archdiocese's illegal actions, including but not limited to compensatory damages, back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

  D. Award Ms. Alvarado an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

  E. Award Plaintiff her costs, including reasonable attorneys' fees, expert witness fees and costs under the FMLA fee provision, 29 U.S.C.A. § 2617(a)(3), and pre-judgment interest;

  F. Award any other affirmative relief to compensate Plaintiff for Defendant's unlawful employment practices, including but not limited to an award of all pecuniary damages and out of pocket expenses Plaintiff has suffered as a result of Defendant's conduct; and

  G. And award of such further Award all other equitable and legal relief to which this Court deems just.

## REQUEST FOR TRIAL BY JURY

The Plaintiff hereby requests a trial by jury on all matters so triable.

Dated:  June 10, 2016.

                Respectfully submitted,

                **HUDSON & CALLEJA, LLC**
                Counsel for Plaintiff
                355 Alhambra Circle, Suite 801
                Coral Gables, Florida 33134
                Telephone: (305) 444-6628
                Facsimile:  (305) 444-6627
                rhudson@hudsoncalleja.com

            By:/s/  ROBERT W. HUDSON_____
                **ROBERT W. HUDSON**
                Florida Bar No.:  993875